STATE OF TENNESSEE v. McKITTRICK.

PRACTICE. *Justices. Special constable.* A justice of the peace has no power to appoint a special constable to execute a *fi. fa.*

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county.   L. B. HORRIGAN, J.

ATTORNEY-GENERAL LEA for the State.

JOHN T. MOSS for McKittrick.

FREEMAN, J., delivered the opinion of the court.

The defendant was indicted for an assault and battery on one Murphey. The jury returned a special verdict, finding the defendant guilty, provided Murphey was a duly appointed officer, authorized to levy on defendant's property, but if he was not, then he was innocent.

The facts are that about two years before, defendant had been sued before a justice and judgment had; after this lapse of time the plaintiff in that judgment made application for an execution, and filed a proper affidavit for the appointment of Murphey as a special constable to execute it. In the attempted execution of this process the difficulty occurred.

The case turns on the proper meaning of section 4148 a of the Code, act of 1869–70.   By the Code

as it then existed, section 4148, it was provided: "A justice may, in writing, specially depute any discreet person of full age, not being a party, to perform any particular duty devolving upon a constable, if no constable is at hand and the business urgent."

The act referred to, however, section 4148 *a*, amends the above section as follows: "A justice may, in writing, specially depute any discreet person of full age, not a party to the *suit pending,* to perform any particular duty devolving by law upon a constable, if no constable is at hand and the business is urgent; but no magistrate shall make such special deputation unless one of the parties to a suit pending, or his or her attorney shall make oath," etc.

The only feature of amendments to the former law is to limit the power of the magistrate, to the case of *a suit pending.* What good reason there may have been for this we may not clearly see, but so it is declared, and we have but to enforce it.

There was no suit pending in this case. It had been ended two years before and a final judgment had—which only remained to be executed. His Honor so ruled, and we affirm his judgment.